30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Leroy CAIN, Defendant-Appellant.
 No. 93-8090.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant, James Leroy Cain, pled guilty to one count of fraudulently obtaining benefits from the Social Security Administration ("SSA"), in violation of 42 U.S.C. 408(a)(4), and one count of bank fraud, in violation of 18 U.S.C. 1344. On appeal, Cain alleges error in his sentencing, based both on the district court's calculation of offense level under U.S.S.G. 2F1.1, and its determination of Cain's criminal history score. The court calculated that Cain had caused, or intended to cause, in excess of $120,000 in fraud losses, which added 7 points to the base offense level for fraud of 6. U.S.S.G. 2F1.1(a) & (b)(1)(H). The court allocated four criminal history points to Cain, including two because the offenses in this case were committed while Cain was on probation. U.S.S.G. 4A1.1(d).
 
 
 3
 We first address Cain's objections to the fraud loss calculation. We review factual findings of loss for clear error and what may be included in calculating the loss de novo. United States v. Haddock, 12 F.3d 950, 961 (10th Cir.1993). First, Cain argues that the district court erred in including the losses attributable to fraud against the Veterans Administration ("VA"), since he only pled guilty to bank and social security fraud and the government dropped VA fraud charges against him. However, to establish the proper offense level under the Guidelines, the district court may include acts that constitute the same "course of conduct" as acts for which the defendant was convicted. United States v. Roederer, 11 F.3d 973, 979 (10th Cir.1993). The social security and VA fraud were quite similar and occurred at about the same time. Thus, we conclude that the district court's inclusion of the VA fraud was not clearly erroneous.
 
 
 4
 Cain also argues that the amount of loss to the VA was overstated because he was entitled to benefits based upon a 60% disability, despite his fraud in collecting 100% disability benefits. However, the addendum to the presentence report and the district court's damage calculations corrected for the VA benefit amounts to which Cain was entitled. Thus, the district court's conclusion that Cain caused $60,831 in losses from his VA fraud is not clearly erroneous.
 
 
 5
 Next, Cain complains that the district court erred in including $35,664 in losses to the SSA that represented five years of disability benefits received by Cain prior to the date of the indictment. Cain had misrepresented to the SSA that he had not worked during the time he received benefits, and also breached his duty to report his work. His work negated his entitlement to benefits based on his 100% disability rating. Cain alleges that he was entitled to work without losing his disability benefits because he was entitled to a "trial work" period under the Social Security Regulations. 20 C.F.R. 404.1592. However, for each period of benefit entitlement, Cain was only entitled to one "trial work" period for which he could work and still receive benefits, and it is limited to nine months.[2] Id. However, the record suggests that Cain's "trial work" period, to the extent he was entitled to one, was used in 1983, prior to the period in which the damages were calculated. We thus conclude that the district court's inclusion of $35,664 in damages to the SSA was not clearly erroneous.
 
 
 6
 Cain challenges the losses attributable to his bank fraud, which the district court set at $65,915. Cain argues that the loss should be set at $17,252.65, the amount of restitution the district court ordered. The banks' actual losses were limited to $17,252.65, because they were able to repossess two of the vehicles Cain fraudulently obtained. Nonetheless, courts may use the value of the intended or probable loss if the actual loss is less than the intended loss. Haddock, 12 F.3d at 963. The record must support the conclusion that Cain intended the $69,915 loss by a preponderance of the evidence. United States v. Smith, 951 F.2d 1164, 1168 (10th Cir.1991). We have no trouble concluding that Cain intended to cause the banks to lose a greater amount than the actual damages, because his misrepresentation of his identity makes it likely that he did not intend to repay the banks. We thus affirm the district court's use of an intended loss calculation. The government concedes that the record only supports an intended loss of $49,895. Nonetheless, this figure, when combined with the Social Security and VA fraud, still supports the district court's conclusion that Cain's fraud losses, intended or actual, totalled in excess of $120,000. We thus affirm the district court's calculation of Cain's offense level.
 
 
 7
 Cain also challenges the district court's addition of two points to his criminal history score. The court added the points because Cain committed some of the acts for which he pled guilty while still on probation from an earlier conviction. U.S.S.G. 4A1.1(d). Cain alleges that a state court had approved a release from his probation before he committed the crimes in the instant case. This release had been filed, but no order was filed releasing him from the probation until over a year later--after he committed the crimes in this case. Cain argues that he should have been released from the probation and should not be penalized for matters out of his control--i.e. the delay of the court order. However, the simple fact remains that Cain had not been legally released from probation at the time of his offense. Further, the district court held that Cain's own further criminal activity was the cause for the delay in issuing the order releasing him from probation. Sentencing Hearing at 47. Thus, we conclude that the district court was warranted in adding the two criminal history points because Cain committed the offenses while on probation.
 
 
 8
 Accordingly, we AFFIRM Cain's sentence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Cain does not argue that there is more than one benefit entitlement period applicable to this case